# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| V. | § | CASE NO.: **1:25-CR-732-01** |
| **DIEGO MISAEL TORRES** | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE AFTER GUILTY PLEA

The Magistrate Judge submits this Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(3). This case has been referred to the United States Magistrate Judge for the taking of a felony guilty plea pursuant to Rule 11 of the Federal Rules of Criminal Procedure. All parties have waived the right to plead before a United States District Judge and have executed a consent to proceed before a United States Magistrate Judge.

On **October 29, 2025**, the defendant and counsel appeared before the Magistrate Judge, who addressed the defendant personally in open court and informed the defendant of the admonishments under Rule 11 of the Federal Rules of Criminal Procedure. The Magistrate Judge determined that the defendant was competent to plead guilty and fully understood said admonishments.

The defendant entered a plea of guilty to two count of **Assaulting or Impeding a Federal Officer Involving Physical Contact** as charged in the Indictment, to wit: **did intentionally and forcibly assault, resist, oppose, impede, intimidate, and interfere with Anthony Hibbard, a Homeland Security Investigations Special Agent, while Anthony Hibbard was engaged in the performance of his official duties, and the commission of such acts involved physical contact with Anthony Hibbard, in violation of Title 18, United States Code, Section 111(a)(1).** A written plea agreement was recited on the record. **The Government agrees to recommend credit**

**for Acceptance of Responsibility and sentencing at the low end of the advisory guideline level the defendant scores.** The Court explained to the defendant that the defendant would be subject to sentencing pursuant to the Sentencing Guidelines promulgated by the United States Sentencing Commission. The Court also explained that parole had been abolished and that the defendant could receive a term of supervised release. The Court explained the range of punishment with regard to imprisonment, fines, restitution, supervised release, and available fee assessments under Section 10601 of Title 42, United States Code.

The Magistrate Judge finds the following:

1) The defendant, with advice of counsel, has consented orally and in writing to enter this guilty plea before the Magistrate Judge, subject to final approval and sentencing by the District Judge;

2) The defendant fully understands the nature of the charges and penalties;

3) The defendant understands his/her constitutional and statutory rights and wishes to waive these rights;

4) The defendant's plea is made freely and voluntarily;

5) The defendant is competent to enter this plea of guilty; and

6) There is an adequate factual basis for this plea.

## **RECOMMENDATION**

The Magistrate Judge RECOMMENDS that the District Judge accept the plea of guilty and, after reviewing the presentence investigation report, enter final judgment of guilt against the defendant.

**NOTICE TO PARTIES**

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the United States District Judge pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Criminal Procedure 59(b)(2). A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *Battle v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a *de novo* review of the record before adopting those findings. If the District Judge chooses to adopt such findings without conducting a *de novo* review of the record, the parties may not attack those findings on appeal, except upon grounds of plain error. *Alexander v. Verizon Wireless Servs., L.L.C.*, 875 F.3d 243, 248 (5th Cir. 2017).

The Clerk is directed to send a copy of this Report and Recommendation to all parties.

SIGNED this 29th of October, 2025.

*Karen Betancourt*
Karen Betancourt
United States Magistrate Judge